SCOTT M. MAHONEY (Nev. Bar No. 1099)
FISHER & PHILLIPS LLP
300 S. Fourth Street, Suite 1500
Las Vegas, NV 89101
Telephone: (702) 252-3131
smahoney@fisherphillips.com

DONALD R. LIVINGSTON (DC Bar No. 436063)
ESTHER G. LANDER (DC Bar No. 461316)
Admitted pro hac vice
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036-1564
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
dlivingston@akingump.com
elander@akingump.com

Attorneys for Defendant
DESERT PALACE, INC., d/b/a CAESARS PALACE

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM J. BERRY, JR.; CYNTHIA FALLS; and SHANE KAUFMAN, | Case No. 2:17-cv-00019-GMN-PAL |
| Plaintiffs, | [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL DISCOVERY MATERIALS |
| v. | |
| DESERT PALACE, INC., d/b/a CAESARS PALACE; DOES I through X, and ROE BUSINESS ENTITIES I through X, inclusive, | |
| Defendants. | |

The Court recognizes that Defendant Desert Palace, Inc., d/b/a Caesars Palace ("Defendant") and Plaintiffs William J. Berry, Jr., Cynthia Falls, and Shane Kaufmann ("Plaintiffs") (collectively the "parties") and others may be called upon to disclose confidential business or private information in the course of this litigation, *Berry, et al. v. Desert Palace, Inc., d/b/a Caesars Palace, et al.*, No 2:17-cv-00019-GMN-PAL

(D. Nev.). Pursuant to Federal Rule of Civil Procedure 26(c), this stipulation serves to protect the legitimate privacy interests, to maintain the confidentiality of information entitled to protection that may be produced in discovery in this litigation, and to provide for an orderly means for the parties and others to invoke confidentiality for materials deserving such protection and the subsequent use of those materials in accord with prevailing Ninth Circuit and U.S. District Court for the District of Nevada standards, it is ordered as follows:

## I.   DESIGNATION AS "CONFIDENTIAL"

In discovery, for good cause, any document (and the contents thereof), thing, testimony, response to written discovery, or information falling within the definitions set forth below, may be designated and marked, in whole or in part, as "Confidential" by the party producing the documents or information at the time the documents are provided, produced, or made available for inspection by the other party. "Confidential Information" shall be treated so throughout this litigation. The procedure for designating materials as Confidential is as follows:

1.   "Confidential Information" may be designated or marked, in whole or in part, as Confidential. "Confidential Information" is defined as facts, data, or material which is highly personal and private to a particular individual or entity, such employee personnel files, plaintiffs' medical counseling or treatment records, and Defendant's proprietary business information, including but not limited documents with personal or financial information related to Defendant's customers. "Confidential Information" also includes information that has been entrusted to a party by persons not parties to this litigation upon a promise or legitimate expectation of privacy that the information would be treated confidentially and respectfully and not generally disclosed to others who have no legitimate need of same. While such private and personal information may be discoverable in this litigation, it should not be

2

disclosed in the public part of this case unless further proceedings are undertaken.

2. The parties shall have thirty (30) days from the entry of this Stipulation and Order to designate as Confidential those documents that already have been produced (by them or another party) or received prior to the date of such entry.

3. A party, person, or entity may designate materials as Confidential only if they do so in good faith and reasonably believe that there is a legally sound reason for the designation.

4. In accord with Ninth Circuit precedent, the parties agree to use the least obstructing means of designating Confidential Information.

5. During this litigation, either party may designate as Confidential any material produced in discovery by any other party or any non-party if the designating party in good faith believes that the material contains Confidential Information.  The designating party shall have 30 days from the date the material has been produced, or from the date of entry of this Order, to inform the non-designating party in writing that the produced material is being designated as Confidential.

II. DESIGNATION OF DEPOSITION TESTIMONY AS CONFIDENTIAL

a. Testimony of Party Deponent

When appropriate and subject to certain restrictions set forth in section I *supra,* any party (or their counsel) may designate a party's (their own or another party's) deposition testimony (or any portion thereof, including exhibits) as Confidential by advising the reporter and all parties on the record during the deposition or, thereafter, by notifying the opposing party and court reporter in writing within thirty (30) days after the actual receipt of a copy of a transcript.

3

b. Testimony of Non-Party Deponent

If a party (or their counsel) wishes to designate the deposition testimony of any of its current and/or former employees' or any other non-party deponent (or any portion thereof, including exhibits), they may do so by advising the reporter and all parties on the record during the deposition or, thereafter, by notifying the opposing party and court reporter in writing within thirty (30) days after the actual receipt of a copy of the transcript.

A non-party deponent may, within the same restrictions and propriety, designate their testimony as "Confidential" either at the deposition or in writing to the opposing party and reporter within twenty (20) business days of notification by the court reporter that the transcript is ready for review. A non-party deponent retains the right, in accordance with the Federal Rules of Civil Procedure, to seek a protective order during the deposition to preclude or limit disclosures.

III. DESIGNATION OF DOCUMENTS AND MATERIALS AS CONFIDENTIAL

Subject to the restrictions provided in section I *supra*, documents, portions of documents, answers to interrogatories, responses to requests for admission and other materials may be designated as Confidential by stamping or otherwise marking the appropriate page of the material as Confidential. The recipient of any material marked "Confidential" pursuant to this Stipulated Protective Order shall exercise due and proper care with respect to the storage, custody, and use of Confidential Information.

IV. SUBSEQUENT DESIGNATIONS AS CONFIDENTIAL

Any material inadvertently produced without being designated as Confidential as provided in section I *supra* may be so designated at a later date by the producing party or person by sending a letter invoking such designation to each party who had received such material and by reproducing the material with a Confidential stamp on each page. The restrictions provided in section I for designating anything as Confidential shall apply.

4

## V.   RESTRICTIONS ON DISCLOSURE

Any Confidential Information shall not be disclosed to or discussed with any person, except the following:

    i.    Unless otherwise restricted below, the individual party Plaintiffs and Defendant;

    ii.    Counsel to the parties and their staff;

    iii.    Expert witnesses and consultants retained to give testimony with regard to the subject matter of the Confidential Information (or a portion thereof), in which case, the disclosure shall be limited to that portion of Confidential Information which is related to the consulting or testimony, only after having them sign a copy of the acknowledgement in this protective order (see section VI *infra*);

    iv.    The Court, its staff, and the jury;

    v.    Unless otherwise restricted below, a non-party during the non-party's preparation for testifying at a deposition, hearing, or trial in this litigation, to the extent the Confidential Information shown to the non-party, or the content of said Confidential Information, is reasonably likely to be a part of the non-party's testimony on direct or cross-examination, and only after having the non-party sign a copy of the acknowledgement in this protective order (see section VI *infra*);

    vi.    Other persons only upon consent of the party designating information as Confidential and only after having those persons first sign a copy of the acknowledgement in this protective order (see section VI *infra*) or upon order of the Court.

## VI.   SIGNATURE AND AGREEMENT TO COMPLY WITH THIS STIPULATION AND ORDER

The persons not directly employed by counsel of record for the parties, but to

5

whom disclosure is necessary for purposes of this litigation (e.g., third-party witnesses or experts), shall be provided with this Stipulation and Order and be required to sign the attached acknowledgement (Exhibit A) stating that he/she understands the terms and agrees to comply with, and be bound by, this Stipulation and Order until modified by either further orders of the Court or agreement of all the parties.

VII.  <u>USE OF CONFIDENTIAL INFORMATION IN COURT FILINGS</u>

The parties acknowledge that this protective order does not confer blanket protection and does not necessarily entitle them to file confidential information under seal (or require opposing party to do so) without complying with the standards articulated in *Kamakana v. City and Couunty of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and subsequent case law, and also in accord with Local Rule IA 10-5.

i.     While only good cause for protection is required for confidentiality in discovery and thus might justify sealing in discovery and discovery pleadings, a higher standard, compelling reason, is required for sealing of evidence in relation to dispositive matters.

ii.     The parties may agree that the filing party may file documents designated confidential by the other party not under seal. If no such agreement is made before filing, then any documents to be filed with the court containing confidential material will be accompanied by a motion to seal. A motion to file a document under seal will be served on opposing counsel, and on the person or entity that has custody and control of the document, if it is different from opposing counsel.

iii.     If the designating party seeks to secure continuing protection (i.e., is in favor of sealing), then the burden remains on that designating party to meet the particular standard in the context of the filing (good cause for discovery; compelling reason for dispositive matter use).

iv.     For motions that refer to confidential material in an identifiable way, the parties will publicly file a redacted version of the filing.

6

## VIII. DISPUTING AND CHALLENGING DESIGNATIONS

A party to this action may, at any time, challenge the designation of Confidential. The challenger must first give the designator notice and ten (10) calendar days to withdraw the designation. If a resolution does not occur after the parties have met and conferred as required by the Federal Rules of Civil Procedure, either party may file a motion with the Court to resolve the dispute. Such motion must be filed within thirty (30) calendar days of receipt of the written objection to the designation. The disputed document(s) or testimony shall be submitted to the Court under seal and continue to be regarded as Confidential unless and until the Court determines to the contrary.

## IX. NO WITHHOLDING

A party to this litigation may not withhold production of any document of any information solely on the basis that it is Confidential. A party may, under appropriate circumstances, seek greater protection than the protection afforded by this Protective Order for documents or information deserving of same, but must do so by securing a stipulation or by filing a motion for a protective order on or before the due date for production.

## X. TREATMENT OF CONFIDENTIAL INFORMATION IN GENERAL

Any documents, testimony, and/or information that has been designated Confidential under this Order is to be used only in the above-captioned action, and may not be used in any other action or for any other purpose unless the party seeking to make such use acquired the documents, testimony, and/or information from a source independent of the above-captioned action.

## XI. TREATMENT OF CONFIDENTIAL INFORMATION AFTER LITIGATION CONCLUDED

At the conclusion of the case (either by settlement or "final" order), the parties, their counsel, and any other person having received Confidential Information shall

///

7

return the same to counsel for the party providing the Confidential Information.

**It is so ordered.**

Dated: _October 26, 2017_

Honorable
United States Magistrate Judge

# Exhibit A

<u>ACKNOWLEDGEMENT</u>

     I HEREBY ACKNOWLEDGE THAT I HAVE READ THE FOREGOING PROTECTIVE ORDER FOR CONFIDENTIALITY OF MATERIALS ENTERED BY THIS COURT IN THIS LAWSUIT. I HEREBY ACKNOWLEDGE THAT I UNDERSTAND THE ORDER AND AGREE TO MAKE MY BEST EFFORTS TO COMPLY WITH IT AND MAINTAIN THE CONFIDENTIALITY OF CONFIDENTIAL INFORMATION PROVIDED TO ME.

DATED: _____

_____
(SIGNATURE)

_____
(PRINT NAME)

ADDRESS: _____

_____
_____

9