SCOTT M. MAHONEY (Nev. Bar No. 1099)
FISHER & PHILLIPS LLP
300 S. Fourth Street, Suite 1500
Las Vegas, NV 89101
Telephone: (702) 252-3131
smahoney@fisherphillips.com

ESTHER G. LANDER (DC Bar No. 461316)
Admitted *pro hac vice*
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
elander@akingump.com

Attorneys for Defendant
DESERT PALACE, INC., d/b/a CAESARS PALACE

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM J. BERRY, JR.; CYNTHIA FALLS; and SHANE KAUFMAN,<br><br>Plaintiffs,<br><br>v.<br><br>DESERT PALACE, INC., d/b/a CAESARS PALACE; DOES I through X, and ROE BUSINESS ENTITIES I through X, inclusive,<br><br>Defendants. | Case No. 2:17-cv-00019-GMN-PAL<br><br>**STIPULATION AND ORDER TO ALLOW DEFENDANT TO AMEND ANSWER TO ASSERT AFTER-ACQUIRED EVIDENCE AFFIRMATIVE DEFENSE** |

Plaintiffs WILLIAM J. BERRY, JR., CYNTHIA FALLS, and SHANE KAUFMANN and Defendant DESERT PALACE, INC., d/b/a CAESARS PALACE ("Caesars"), by and through their respective counsel of record, stipulate and agree to allow Caesars to file a First Amended Answer To Assert After-Acquired Evidence Affirmative Defense.

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, a party who is not entitled to amend its pleading as a matter of right "may amend its pleading only

with the opposing party's written consent or the court's leave. The court should freely give leave when justice requires." Here, Caesars timely filed its Answer to plaintiffs' Complaint on April 3, 2017 [ECF No. 11]. On January 30, 2018 through February 1, 2018, Caesars took the deposition of plaintiff William J. Berry, Jr. During Mr. Berry's deposition, Caesars learned new information that formed a factual basis for Caesars to amend its answer to add an affirmative defense based on the after-acquired evidence doctrine.

Attached hereto as Exhibit 1 is a copy of Caesars' proposed First Amended Answer, which Caesars will file within seven (7) days of the Court's entry of this order.

IT IS SO STIPULATED.

Dated: February 15, 2018

By: /s/
SCOTT M. MAHONEY
Fisher & Phillips LLP
300 S. Fourth Street, Suite 1500
Las Vegas, NV 89101

ESTHER G. LANDER
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036

*Attorneys for Defendant,
Desert Palace, Inc., d/b/a
Caesars Palace*

Dated: February 15, 2018

By: /s/
KATHLEEN J. ENGLAND
Gilbert & England Law Firm
610 South Ninth Street
Las Vegas, NV 89101

JASON R. MAIER
DANIELLE J. BARRAZA
Maier Gutierrez & Associates
8816 Spanish Ridge Avenue
Las Vegas, NV 89148

*Attorneys for Plaintiffs,
William J. Berry, Jr., Cynthia
Falls, and Shane Kaufmann*

**IT IS SO ORDERED:**

_____
United States Magistrate Judge

Dated: February 21, 2018

2

# EXHIBIT 1

**Stipulation and Order to Allow Defendant to Amend Answer**

EXHIBIT 1

SCOTT M. MAHONEY (Nev. Bar No. 1099)
FISHER & PHILLIPS LLP
300 S. Fourth Street, Suite 1500
Las Vegas, NV 89101
Telephone: (702) 252-3131
smahoney@fisherphillips.com

ESTHER G. LANDER (DC Bar No. 461316)
Admitted *pro hac vice*
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
elander@akingump.com

Attorneys for Defendant
DESERT PALACE, INC., d/b/a CAESARS PALACE

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| WILLIAM J. BERRY, JR.; CYNTHIA FALLS; and SHANE KAUFMAN, | |
|---|---|
| Plaintiffs, | Case No. 2:17-cv-00019-GMN-PAL |
| v. | **[PROPOSED] FIRST AMENDED ANSWER** |
| DESERT PALACE, INC., d/b/a CAESARS PALACE; DOES I through X, and ROE BUSINESS ENTITIES I through X, inclusive, | |
| Defendants. | |

Defendant Desert Palace, Inc. d/b/a Caesars Palace answers Plaintiffs' Complaint as follows.  Defendant denies any allegation in the Complaint that is not expressly admitted, qualified, or otherwise answered in the enumerated paragraphs below, each of which responds to the same numbered paragraphs in the Complaint.

/ / /

/ / /

/ / /

## *Jurisdiction and Venue*

1. Defendant admits that this is a civil action for damages brought by the Plaintiffs on the bases alleged in paragraph 1. Defendant denies that it engaged in discrimination against Plaintiffs and denies that they are entitled to any relief.

2. Defendant admits that Plaintiffs are asserting statutory claims based on the statutes set forth in paragraph 2. Defendant denies that it violated any of these statutes, and denies that Plaintiffs are entitled to recover any damages.

3. Defendant admits that federal question jurisdiction is proper, but denies that Plaintiffs have satisfied all necessary administrative prerequisites prior to filing suit as to each of their claims.

4. Defendant admits that Desert Palace, Inc. is doing business as Caesars Palace, and that defendant owns and operates a world famous hotel, casino, and gaming operation called Caesars Palace at the address listed. Defendant denies the remaining allegations in paragraph 4.

5. Defendant admits the allegations in paragraph 5.

6. Defendant admits the allegations in paragraph 6.

## *Parties*

7. Defendant admits that plaintiff William J. Berry, Jr. is an African-American male and was born on the date indicated. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7.

8. Defendant admits that Plaintiff, Cynthia Falls, is a white female and that she was born on the date indicated. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8.

9. Defendant admits that Plaintiff, Shane Kaufmann, is an African-American male and was born on the date indicated. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9.

10. Defendant admits that Desert Palace, Inc. is a Nevada corporation that owns and operates Caesars Palace Las Vegas Hotel and Casino, which is a world

1  famous hotel and casino located at 3570 Las Vegas Boulevard, South, in Las Vegas,
2  Nevada. Defendant also admits that the property is commonly referred to as Caesars
3  Palace. Defendant denies the remaining allegations in paragraph 10.
4      11.    Defendant admits the allegations in paragraph 11.
5      12.    Defendant lacks information sufficient to form a belief as to the truth of
6  the allegations in paragraph 12.
7      13.    Defendant lacks information sufficient to form a belief as to the truth of
8  the allegations in paragraph 13.
9      14.    Defendant admits that Plaintiffs are asserting all of their claims against
10 all defendants and have alleged fictitious defendants as a place holder, but denies the
11 existence of any other business entities that would be proper defendants in this case.
12     15.    Defendant denies the allegations in paragraph 15.
13     16.    Defendant denies the allegations in paragraph 16.
14     17.    Defendant lacks information sufficient to form a belief as to the truth of
15 the allegations in paragraph 17.

### ***Exhaustion of Administrative Remedies***

17     18.    Defendant denies the allegations in paragraph 18.
18     19.    Defendant admits the existence of work sharing agreements between the
19 NERC and the EEOC, and that filing with one constitutes filing with the other for
20 certain purposes. Defendant denies the remaining allegations in paragraph 19.
21     20.    Defendant admits that Berry signed a formal charge of discrimination
22 dated October 5, 2006 alleging race discrimination by Caesars Palace. Defendant also
23 admits that Desert Palace, Inc. d/b/a Caesars Palace was Berry's employer, and that
24 Caesars Place is located at 3570 Las Vegas Boulevard, South, in Las Vegas, Nevada.
25 Defendant lacks information sufficient to form a belief as to the truth of the remaining
26 allegations in paragraph 20.
27     21.    Defendant admits that on April 30, 2008 the NERC issued a
28 "Determination" that probable cause existed to support the charge of racial

1 discrimination filed by Berry against his employer, Caesars Place and that the matter
2 was transferred to the EEOC.  Defendant also admits that Berry was terminated and
3 that he filed an amended charge of discrimination alleging race discrimination and
4 retaliation, which is dated May 6, 2009.  Defendant lacks information sufficient to
5 form a belief as to the truth of when the NERC transferred the matter to the EEOC;
6 whether Berry was terminated in two and one half months from then; whether the
7 EEOC prepared his amended charge; and whether Berry made numerous demands
8 before EEOC did so.  Defendant denies the remaining allegations in paragraph 21.

9  22.     Defendant lacks information sufficient to form a belief as to the truth of
10 the allegations in paragraph 22.

11  23.     Defendant admits that on May 22, 2015, the EEOC issued a
12 "Determination" finding reasonable cause to believe that discrimination occurred, and
13 that the Determination is attached as Exhibit 1.  Defendant denies the remaining
14 allegations in paragraph 23.

15  24.     Defendant admits that the EEOC's conciliation efforts failed to resolve
16 Berry's claim.  Defendant lacks information sufficient to form a belief as to the truth
17 of when Berry received a "Notice of Rights," but admits that the letter is dated
18 September 29, 2016.  Defendant denies the remaining allegations in paragraph 24.

19  25.     Defendant admits that Berry was unable to bring his Title VII claim until
20 he received a "Notice of Rights" from the EEOC.  Defendant denies the remaining
21 allegations in paragraph 25.

22  26.     Defendant admits that Falls signed a formal "charge of discrimination"
23 that is dated October 26, 2010.  Defendant lacks information sufficient to form a belief
24 as to the truth of the remaining allegations in paragraph 26.

25  27.     Defendant lacks information sufficient to form a belief as to the truth of
26 the allegations in paragraph 27

27  28.     Defendant admits that on May 22, 2015, the EEOC issued a
28 "Determination" finding reasonable cause to believe that discrimination occurred, and

1  that the Determination is attached as Exhibit 2.  Defendant denies the remaining
2  allegations in paragraph 28.

3      29.    Defendant admits that the "Notice of Rights" letter is dated September
4  29, 2016.  Defendant lacks information sufficient to form a belief as to the truth of the
5  remaining allegations in paragraph 29.

6      30.    Defendant admits that plaintiff Falls was unable to bring her Title VII
7  claim until she received a "Notice of Rights" from the EEOC.  Defendant denies the
8  remaining allegations in paragraph 30.

9      31.    Defendant admits that Kaufmann signed formal "charges of
10  discrimination" dated October 19, 2010 and January 7, 2014.  Defendant lacks
11  information sufficient to form a belief as to the truth of the remaining allegations in
12  paragraph 31.

13      32.    Defendant admits that on May 22, 2015, the EEOC issued a
14  "Determination" finding reasonable cause to believe that discrimination occurred, and
15  that the Determination is attached as Exhibit 3.  Defendant denies the remaining
16  allegations in paragraph 32.

17      33.    Defendant admits that the "Notice of Rights" letter is dated September
18  29, 2016.  Defendant lacks information sufficient to form a belief as to the truth of the
19  remaining allegations in paragraph 33.

20      34.    Defendant admits that plaintiff Kaufmann was unable to bring his Title
21  VII claim until he received a "Notice of Rights" from the EEOC.  Defendant denies
22  the remaining allegations in paragraph 34.

23      35.    Defendant lacks information sufficient to form a belief as to the truth of
24  what the plaintiffs were informed by the EEOC or what plaintiffs may believe.
25  Defendant admits that the EEOC has not filed a lawsuit on behalf of plaintiffs or any
26  other individuals involving the claims in this case.  Defendant denies the remaining
27  allegations in paragraph 35.
28  / / /

### *Factual Allegations Generally Applicable to All Claims*

36. Defendant admits the allegations in paragraph 36.

37. Defendant denies the allegations in paragraph 37.

38. Defendant denies the allegations in paragraph 38.

39. Defendant denies the allegations in paragraph 39.

40. Defendant admits that it has changed dealers from part-time to full-time status. Defendant denies the remaining allegations in paragraph 40.

41. Defendant denies the allegations in paragraph 41.

42. Defendant lacks information sufficient to form a belief as to the truth of what the plaintiffs believe. Defendant denies the remaining allegations in paragraph 42.

43. Defendant admits the allegations in paragraph 43.

44. Defendant admits that the EEOC Determinations are attached as Exhibits 1, 2 and 3, and that they form the basis for some of the grounds for this suit. Defendant denies the remaining allegations in paragraph 44.

### *Factual Allegations Related to William J. Berry, Jr.*

45. Defendant admits the allegations in paragraph 45.

46. Defendant denies the allegations in paragraph 46.

47. Defendant denies the allegations in paragraph 47.

48. Defendant admits that in March 2006, Berry sent a letter to Human Resources complaining about an incident that he believed was discriminatory. Defendant also admits that in November 2006, Berry filed a charge of discrimination with the NERC. Defendant denies the remaining allegations in paragraph 48.

49. Defendant admits that on April 30, 2008, the NERC issued a "Determination" that probable cause existed to support the charge of racial discrimination filed by Berry against his employer, Caesars Place. Defendant denies the remaining allegations in paragraph 49.

50. Defendant denies the allegations in paragraph 50.

1  51. Defendant admits that Berry was terminated on September 16, 2008. Defendant denies the remaining allegations in paragraph 51.

### *Factual Allegations Related to Cynthia Falls*

52. Defendant admits the allegations in paragraph 52.

53. On information and belief, defendant denies that Falls complained about dealers being assigned based upon illegal customer preference. Defendant denies the remaining allegations in paragraph 53.

54. Defendant denies the allegations in paragraph 54.

55. Defendant admits that in January 2010, the Gaming Division Director of the Transport Workers Union of America sent Defendant a letter, recognizing that there are many cultural differences relating to players from other parts of the world, and notifying Defendant that members of the Union had complained that players were requesting dealers be assigned based on gender, race, national original and language. On information and belief, Defendant denies that Falls and others complained about harassment and discrimination to which dealers were subjected due to gender, race, and national origin during game assignments or locations based on illegal customer preference. Defendant denies the remaining allegations in paragraph 55.

56. Defendant denies the allegations in paragraph 56.

57. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 57.

58. Defendant admits that in January 2014, Falls was told to refrain from making negative comments about the company in public on the casino floor during work time, including her belief that dealers were being discriminated against. Defendant also admits that Falls was issued a documented coaching to memorialize the discussion. Defendant denies the remaining allegations in paragraph 58.

59. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 59.

60. Defendant denies the allegations in paragraph 60.

*Factual Allegations Related to Shane Kaufmann*

61. Defendant admits the allegations in paragraph 61.

62. Defendant denies the allegations in paragraph 62.

63. Defendant denies the allegations in paragraph 63.

64. Defendant denies the allegations in paragraph 64.

65. Defendant denies the allegations in paragraph 65.

66. Defendant lacks information sufficient to form a belief as to the truth of the allegation that Kaufmann provided an affidavit to the EEOC on March 2, 2010 in support of Berry's Charge of discrimination. Defendant denies the remaining allegations in paragraph 66.

67. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 67.

68. Defendant denies the allegations in paragraph 68.

69. Defendant denies the allegations in paragraph 69.

70. Defendant denies the allegations in paragraph 70.

**FIRST CAUSE OF ACTION**
**Discrimination Based on Race, Color, National Origin, Gender, or Age**
**In Violation of State and Federal Statutes**
**(Against All Defendants)**

71. In response to paragraph 71, Defendant incorporates its responses to all of the preceding paragraphs.

72. Defendant admits that each Plaintiff has at least one characteristic that is protected from discrimination by state and federal law. Defendant denies the remaining allegations in paragraph 72.

73. Defendant admits that it is subject to Nevada and federal statutes prohibiting discrimination and has a legal obligation to provide a workplace free from unlawful discrimination. Defendant denies the remaining allegations in paragraph 73.

74. Defendant denies the allegations in paragraph 74.

75. Defendant denies the allegations in paragraph 75.

76. Defendant denies the allegations in paragraph 76.

77. Defendant denies the allegations in paragraph 77.

78. Defendant admits that all Plaintiffs are over 40. Defendant denies the remaining allegations in paragraph 78.

79. Defendant denies the allegations in paragraph 79.

80. Defendant denies the allegations in paragraph 80.

81. Defendant denies the allegations in paragraph 81.

82. Defendant denies the allegations in paragraph 82.

83. Defendant denies the allegations in paragraph 83.

## SECOND CAUSE OF ACTION
### Retaliation Under Federal Law, Under U.S.C. § 2000e-3
### (Against All Defendants)

84. In response to paragraph 84, Defendant incorporates its responses to all of the preceding paragraphs.

85. Defendant denies the allegations in paragraph 85.

86. Defendant admits that at the time of his termination, plaintiff Berry had worked for Caesars Palace for more than 16 years. Defendant denies the remaining allegations in paragraph 86.

87. Defendant denies the allegations in paragraph 87.

88. Defendant denies the allegations in paragraph 88.

89. Defendant denies the allegations in paragraph 89.

90. Defendant denies the allegations in paragraph 90.

91. Defendant denies the allegations in paragraph 91.

92. Defendant denies the allegations in paragraph 92.

93. Defendant denies the allegations in paragraph 93.

9

94. Defendant admits that Plaintiffs seek the relief alleged, but deny that they are entitled to any such relief, and deny any factual allegations in paragraph 94.

95. Defendant denies the allegations in paragraph 95.

## REQUEST FOR INJUNCTIVE RELIEF
### Injunctive Relief Under State and Federal Law

1. Defendant admits that Plaintiffs seek the injunctive relief alleged, but deny that they are entitled to any such relief, and deny any factual allegations in paragraph 1.

2. Defendant admits that Plaintiffs seek the injunctive relief alleged, but deny that they are entitled to any such relief, and deny any factual allegations in paragraph 2, including sub-parts (a) through (h).

Defendant admits that plaintiffs purport to seek the damages as described in the "**WHEREFORE**" paragraph, including subpart's (a) through (f), but deny that Plaintiffs are entitled to any such relief.

## DEFENSES

As separate defenses to the complaint and each cause of action, Defendant alleges the following defenses. Defendant does not in any way change the allocation and burden of proof for each such defense listed as established by applicable law.

## FIRST DEFENSE

The Complaint, or portions thereof, fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

/ / /

/ / /

/ / /

10

### THIRD DEFENSE

The Complaint, and each purported cause of action therein, is barred to the extent that Plaintiffs have failed to satisfy a condition precedent to maintaining this action.

### FOURTH DEFENSE

The Complaint, and each purported cause of action therein, is barred to the extent that Plaintiffs failed to exhaust their administrative remedies and/or comply with any and all applicable administrative procedures.

### FIFTH DEFENSE

The Complaint, or portions thereof, are barred by the doctrine of laches.

### SIXTH DEFENSE

To the extent any of Defendant's employees engaged in illegal discrimination (which is denied), Defendant is not liable for punitive damages because these actions were contrary to its policies and good faith efforts to prevent discrimination.

### SEVENTH DEFENSE

Defendant exercised reasonable care and took reasonable steps to prevent and correct any alleged unlawful or harassing behavior and Plaintiffs unreasonably failed to take advantage of preventative or corrective opportunities provided by Defendant or otherwise avoid harm.

### EIGHTH DEFENSE

Defendant is not liable to plaintiffs for the acts or omissions of any supervisory or managerial employee to the extent that they were beyond the scope of employment.

### NINTH DEFENSE

Plaintiffs have failed to mitigate their damages and any damages awarded to Plaintiffs should be reduced according to the extent of such failure to mitigate.

/ / /

/ / /

### TENTH DEFENSE

To the extent that Defendant made any employment decisions based upon a legally-protected characteristic, it did so only where such characteristic was a bona fide occupational qualification reasonably necessary to the operation of Defendant's business.

### ELEVENTH DEFENSE

To the extent any of defendant's employees engaged in illegal discrimination (which is denied), defendant would have made the same employment decisions in the absence of the alleged discriminatory motive.

### TWELFTH DEFENSE

Any relief to which Berry may be entitled to recover under Title VII is barred and/or limited by the after-acquired evidence doctrine.

### RESERVATION OF RIGHTS

Defendant hereby reserves the right to assert additional defenses during the course of discovery in this action or as otherwise appropriate and reserves the right to amend its answer to assert any such defenses.

WHEREFORE, defendant prays for judgment as follows:

A. That Plaintiffs take nothing by virtue of their complaint and that this action be dismissed with prejudice;

B. That judgment be entered in favor of Defendant and against Plaintiffs;

C. That Defendant be awarded its reasonable attorneys' fees and costs; and

D. For such other and further relief as the Court deems just and proper.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

12

| | |
|---|---|
| 1 | FISHER & PHILLIPS LLP |
| 2 | |
| 3 |     [DRAFT] |
| 4 | SCOTT M. MAHONEY<br>FISHER & PHILLIPS LLP |
| 5 | 300 S. Fourth Street<br>Suite 1500 |
| 6 | Las Vegas, NV 89101 |
| 7 | |
| 8 | ESTHER G. LANDER<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>1333 New Hampshire Avenue, N.W. |
| 9 | Washington, D.C. 20036-1564 |
| 10 | |
| 11 | Attorneys for Defendant<br>Desert Palace, Inc., d/b/a Caesars Palace |