1  SCOTT M. MAHONEY (Nev. Bar No. 1099)
   FISHER & PHILLIPS LLP
2  300 S. Fourth Street, Suite 1500
   Las Vegas, NV 89101
3  Telephone: (702) 252-3131
   smahoney@fisherphillips.com
4
   ESTHER G. LANDER (DC Bar No. 461316)
5  Admitted *pro hac vice*
   AKIN GUMP STRAUSS HAUER & FELD LLP
6  1333 New Hampshire Avenue, N.W.
   Washington, D.C. 20036
7  Telephone: (202) 887-4000
   Facsimile: (202) 887-4288
8  elander@akingump.com

9  Attorneys for Defendant
   DESERT PALACE, INC., d/b/a CAESARS PALACE
10
                    **UNITED STATES DISTRICT COURT**
11
                        **DISTRICT OF NEVADA**
12

| | |
|---|---|
| 13  WILLIAM J. BERRY, JR.; CYNTHIA FALLS; and SHANE KAUFMANN, | Case No. 2:17-cv-00019-GMN-PAL |
| 14                Plaintiffs, | **FIRST AMENDED ANSWER** |
| 15  vs. | |
| 16  DESERT PALACE, INC., d/b/a CAESARS PALACE; DOES I through X, and ROE BUSINESS ENTITIES I through X, inclusive, | |
| 17 | |
| 18                Defendant. | |
| 19 | |

20        Defendant Desert Palace, Inc. d/b/a Caesars Palace answers Plaintiffs'

21  Complaint as follows.  Defendant denies any allegation in the Complaint that is not

22  expressly admitted, qualified, or otherwise answered in the enumerated paragraphs

23  below, each of which responds to the same numbered paragraphs in the Complaint.

24                       ***Jurisdiction and Venue***

25        1.        Defendant admits that this is a civil action for damages brought by the

26  Plaintiffs on the bases alleged in paragraph 1.  Defendant denies that it engaged in

27  discrimination against Plaintiffs and denies that they are entitled to any relief.

28  / / /

FPDOCS 33795924.1

2.      Defendant admits that Plaintiffs are asserting statutory claims based on the statutes set forth in paragraph 2.  Defendant denies that it violated any of these statutes, and denies that Plaintiffs are entitled to recover any damages.

3.      Defendant admits that federal question jurisdiction is proper, but denies that Plaintiffs have satisfied all necessary administrative prerequisites prior to filing suit as to each of their claims.

4.      Defendant admits that Desert Palace, Inc. is doing business as Caesars Palace, and that defendant owns and operates a world famous hotel, casino, and gaming operation called Caesars Palace at the address listed.  Defendant denies the remaining allegations in paragraph 4.

5.      Defendant admits the allegations in paragraph 5.

6.      Defendant admits the allegations in paragraph 6.

### ***Parties***

7.      Defendant admits that plaintiff William J. Berry, Jr. is an African-American male and was born on the date indicated.  Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7.

8.      Defendant admits that Plaintiff, Cynthia Falls, is a white female and that she was born on the date indicated.  Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8.

9.      Defendant admits that Plaintiff, Shane Kaufmann, is an African-American male and was born on the date indicated.  Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9.

10.     Defendant admits that Desert Palace, Inc. is a Nevada corporation that owns and operates Caesars Palace Las Vegas Hotel and Casino, which is a world famous hotel and casino located at 3570 Las Vegas Boulevard, South, in Las Vegas, Nevada.  Defendant also admits that the property is commonly referred to as Caesars Palace.  Defendant denies the remaining allegations in paragraph 10.

11.     Defendant admits the allegations in paragraph 11.

FPDOCS 33795924.1

12.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14.     Defendant admits that Plaintiffs are asserting all of their claims against all defendants and have alleged fictitious defendants as a place holder, but denies the existence of any other business entities that would be proper defendants in this case.

15.     Defendant denies the allegations in paragraph 15.

16.     Defendant denies the allegations in paragraph 16.

17.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 17.

### *Exhaustion of Administrative Remedies*

18.     Defendant denies the allegations in paragraph 18.

19.     Defendant admits the existence of work sharing agreements between the NERC and the EEOC, and that filing with one constitutes filing with the other for certain purposes.  Defendant denies the remaining allegations in paragraph 19.

20.     Defendant admits that Berry signed a formal charge of discrimination dated October 5, 2006 alleging race discrimination by Caesars Palace.  Defendant also admits that Desert Palace, Inc. d/b/a Caesars Palace was Berry's employer, and that Caesars Place is located at 3570 Las Vegas Boulevard, South, in Las Vegas, Nevada.  Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20.

21.     Defendant admits that on April 30, 2008 the NERC issued a "Determination" that probable cause existed to support the charge of racial discrimination filed by Berry against his employer, Caesars Place and that the matter was transferred to the EEOC.  Defendant also admits that Berry was terminated and that he filed an amended charge of discrimination alleging race discrimination and retaliation, which is dated May 6, 2009.  Defendant lacks information sufficient to form

1   a belief as to the truth of when the NERC transferred the matter to the EEOC; whether

2   Berry was terminated in two and one half months from then; whether the EEOC

3   prepared his amended charge; and whether Berry made numerous demands before

4   EEOC did so.  Defendant denies the remaining allegations in paragraph 21.

5          22.    Defendant lacks information sufficient to form a belief as to the truth of

6   the allegations in paragraph 22.

7          23.    Defendant admits that on May 22, 2015, the EEOC issued a

8   "Determination" finding reasonable cause to believe that discrimination occurred, and

9   that the Determination is attached as Exhibit 1.   Defendant denies the remaining

10   allegations in paragraph 23.

11          24.    Defendant admits that the EEOC's conciliation efforts failed to resolve

12   Berry's claim.  Defendant lacks information sufficient to form a belief as to the truth of

13   when Berry received a "Notice of Rights," but admits that the letter is dated September

14   29, 2016.  Defendant denies the remaining allegations in paragraph 24.

15          25.    Defendant admits that Berry was unable to bring his Title VII claim until

16   he received a "Notice of Rights" from the EEOC.   Defendant denies the remaining

17   allegations in paragraph 25.

18          26.    Defendant admits that Falls signed a formal "charge of discrimination"

19   that is dated October 26, 2010.  Defendant lacks information sufficient to form a belief

20   as to the truth of the remaining allegations in paragraph 26.

21          27.    Defendant lacks information sufficient to form a belief as to the truth of

22   the allegations in paragraph 27

23          28.    Defendant admits that on May 22, 2015, the EEOC issued a

24   "Determination" finding reasonable cause to believe that discrimination occurred, and

25   that the Determination is attached as Exhibit 2.   Defendant denies the remaining

26   allegations in paragraph 28.

27   / / /

28   / / /

29.     Defendant admits that the "Notice of Rights" letter is dated September 29, 2016.  Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29.

30.     Defendant admits that plaintiff Falls was unable to bring her Title VII claim until she received a "Notice of Rights" from the EEOC.  Defendant denies the remaining allegations in paragraph 30.

31.     Defendant admits that Kaufmann signed formal "charges of discrimination" dated October 19, 2010 and January 7, 2014.  Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31.

32.     Defendant admits that on May 22, 2015, the EEOC issued a "Determination" finding reasonable cause to believe that discrimination occurred, and that the Determination is attached as Exhibit 3.  Defendant denies the remaining allegations in paragraph 32.

33.     Defendant admits that the "Notice of Rights" letter is dated September 29, 2016.  Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33.

34.     Defendant admits that plaintiff Kaufmann was unable to bring his Title VII claim until he received a "Notice of Rights" from the EEOC.  Defendant denies the remaining allegations in paragraph 34.

35.     Defendant lacks information sufficient to form a belief as to the truth of what the plaintiffs were informed by the EEOC or what plaintiffs may believe.  Defendant admits that the EEOC has not filed a lawsuit on behalf of plaintiffs or any other individuals involving the claims in this case.  Defendant denies the remaining allegations in paragraph 35.

### *Factual Allegations Generally Applicable to All Claims*

36.     Defendant admits the allegations in paragraph 36.

37.     Defendant denies the allegations in paragraph 37.

FPDOCS 33795924.1

1       38.     Defendant denies the allegations in paragraph 38.

2       39.     Defendant denies the allegations in paragraph 39.

3       40.     Defendant admits that it has changed dealers from part-time to full-time

4 status.  Defendant denies the remaining allegations in paragraph 40.

5       41.     Defendant denies the allegations in paragraph 41.

6       42.     Defendant lacks information sufficient to form a belief as to the truth of

7 what the plaintiffs believe.  Defendant denies the remaining allegations in paragraph 42.

8       43.     Defendant admits the allegations in paragraph 43.

9       44.     Defendant admits that the EEOC Determinations are attached as Exhibits

10 1, 2 and 3, and that they form the basis for some of the grounds for this suit.  Defendant

11 denies the remaining allegations in paragraph 44.

12                ***Factual Allegations Related to William J. Berry, Jr.***

13       45.     Defendant admits the allegations in paragraph 45.

14       46.     Defendant denies the allegations in paragraph 46.

15       47.     Defendant denies the allegations in paragraph 47.

16       48.     Defendant admits that in March 2006, Berry sent a letter to Human

17 Resources complaining about an incident that he believed was discriminatory.

18 Defendant also admits that in November 2006, Berry filed a charge of discrimination

19 with the NERC.  Defendant denies the remaining allegations in paragraph 48.

20       49.     Defendant admits that on April 30, 2008, the NERC issued a

21 "Determination" that probable cause existed to support the charge of racial

22 discrimination filed by Berry against his employer, Caesars Place.  Defendant denies the

23 remaining allegations in paragraph 49.

24       50.     Defendant denies the allegations in paragraph 50.

25       51.     Defendant admits that Berry was terminated on September 16, 2008.

26 Defendant denies the remaining allegations in paragraph 51.

27 / / /

28 / / /

FPDOCS 33795924.1

1              ***Factual Allegations Related to Cynthia Falls***

2              52.      Defendant admits the allegations in paragraph 52.

3              53.      On information and belief, defendant denies that Falls complained about

4     dealers being assigned based upon illegal customer preference.   Defendant denies the

5     remaining allegations in paragraph 53.

6              54.      Defendant denies the allegations in paragraph 54.

7              55.      Defendant admits that in January 2010, the Gaming Division Director of

8     the Transport Workers Union of America sent Defendant a letter, recognizing that there

9     are many cultural differences relating to players from other parts of the world, and

10    notifying Defendant that members of the Union had complained that players were

11    requesting dealers be assigned based on gender, race, national original and language.

12    On information and belief, Defendant denies that Falls and others complained about

13    harassment and discrimination to which dealers were subjected due to gender, race, and

14    national origin during game assignments or locations based on illegal customer

15    preference.  Defendant denies the remaining allegations in paragraph 55.

16             56.      Defendant denies the allegations in paragraph 56.

17             57.      Defendant lacks information sufficient to form a belief as to the truth of

18    the allegations in paragraph 57.

19             58.      Defendant admits that in January 2014, Falls was told to refrain from

20    making negative comments about the company in public on the casino floor during

21    work time, including her belief that dealers were being discriminated against.

22    Defendant also admits that Falls was issued a documented coaching to memorialize the

23    discussion.  Defendant denies the remaining allegations in paragraph 58.

24             59.      Defendant lacks information sufficient to form a belief as to the truth of

25    the allegations in paragraph 59.

26             60.      Defendant denies the allegations in paragraph 60.

27    / / /

28    / / /

- 7 -

FPDOCS 33795924.1

***Factual Allegations Related to Shane Kaufmann***

61.     Defendant admits the allegations in paragraph 61.

62.     Defendant denies the allegations in paragraph 62.

63.     Defendant denies the allegations in paragraph 63.

64.     Defendant denies the allegations in paragraph 64.

65.     Defendant denies the allegations in paragraph 65.

66.     Defendant lacks information sufficient to form a belief as to the truth of the allegation that Kaufmann provided an affidavit to the EEOC on March 2, 2010 in support of Berry's Charge of discrimination.   Defendant denies the remaining allegations in paragraph 66.

67.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 67.

68.     Defendant denies the allegations in paragraph 68.

69.     Defendant denies the allegations in paragraph 69.

70.     Defendant denies the allegations in paragraph 70.

**FIRST CAUSE OF ACTION**
**Discrimination Based on Race, Color, National Origin, Gender, or Age**
**In Violation of State and Federal Statutes**
**(Against All Defendants)**

71.     In response to paragraph 71, Defendant incorporates its responses to all of the preceding paragraphs.

72.     Defendant admits that each Plaintiff has at least one characteristic that is protected from discrimination by state and federal law.  Defendant denies the remaining allegations in paragraph 72.

73.     Defendant admits that it is subject to Nevada and federal statutes prohibiting discrimination and has a legal obligation to provide a workplace free from unlawful discrimination.  Defendant denies the remaining allegations in paragraph 73.

74.     Defendant denies the allegations in paragraph 74.

75.     Defendant denies the allegations in paragraph 75.

1    76.    Defendant denies the allegations in paragraph 76.

2    77.    Defendant denies the allegations in paragraph 77.

3    78.    Defendant admits that all Plaintiffs are over 40.   Defendant denies the

4    remaining allegations in paragraph 78.

5    79.    Defendant denies the allegations in paragraph 79.

6    80.    Defendant denies the allegations in paragraph 80.

7    81.    Defendant denies the allegations in paragraph 81.

8    82.    Defendant denies the allegations in paragraph 82.

9    83.    Defendant denies the allegations in paragraph 83.

10                    **SECOND CAUSE OF ACTION**
     **Retaliation Under Federal Law, Under U.S.C. § 2000e-3**
11                   **(Against All Defendants)**

12    84.    In response to paragraph 84, Defendant incorporates its responses to all

13    of the preceding paragraphs.

14    85.    Defendant denies the allegations in paragraph 85.

15    86.    Defendant admits that at the time of his termination, plaintiff Berry had

16    worked for Caesars Palace for more than 16 years.   Defendant denies the remaining

17    allegations in paragraph 86.

18    87.    Defendant denies the allegations in paragraph 87.

19    88.    Defendant denies the allegations in paragraph 88.

20    89.    Defendant denies the allegations in paragraph 89.

21    90.    Defendant denies the allegations in paragraph 90.

22    91.    Defendant denies the allegations in paragraph 91.

23    92.    Defendant denies the allegations in paragraph 92.

24    93.    Defendant denies the allegations in paragraph 93.

25    94.    Defendant admits that Plaintiffs seek the relief alleged, but deny that

26    they are entitled to any such relief, and deny any factual allegations in paragraph 94.

27    95.    Defendant denies the allegations in paragraph 95.

28    / / /

FPDOCS 33795924.1

## REQUEST FOR INJUNCTIVE RELIEF
### Injunctive Relief Under State and Federal Law

1.      Defendant admits that Plaintiffs seek the injunctive relief alleged, but deny that they are entitled to any such relief, and deny any factual allegations in paragraph 1.

2.      Defendant admits that Plaintiffs seek the injunctive relief alleged, but deny that they are entitled to any such relief, and deny any factual allegations in paragraph 2, including sub-parts (a) through (h).

Defendant admits that plaintiffs purport to seek the damages as described in the "**WHEREFORE**" paragraph, including subpart's (a) through (f), but deny that Plaintiffs are entitled to any such relief.

## DEFENSES

As separate defenses to the complaint and each cause of action, Defendant alleges the following defenses.  Defendant does not in any way change the allocation and burden of proof for each such defense listed as established by applicable law.

## FIRST DEFENSE

The Complaint, or portions thereof, fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## THIRD DEFENSE

The Complaint, and each purported cause of action therein, is barred to the extent that Plaintiffs have failed to satisfy a condition precedent to maintaining this action.

/ / /

/ / /

/ / /

- 10 -

FPDOCS 33795924.1

1

**FOURTH DEFENSE**

2   The Complaint, and each purported cause of action therein, is barred to the extent that

3   Plaintiffs failed to exhaust their administrative remedies and/or comply with any and all

4   applicable administrative procedures.

5

**FIFTH DEFENSE**

6   The Complaint, or portions thereof, are barred by the doctrine of laches.

7

**SIXTH DEFENSE**

8   To the extent any of Defendant's employees engaged in illegal discrimination

9   (which is denied), Defendant is not liable for punitive damages because these actions

10  were contrary to its policies and good faith efforts to prevent discrimination.

11

**SEVENTH DEFENSE**

12  Defendant exercised reasonable care and took reasonable steps to prevent and

13  correct any alleged unlawful or harassing behavior and Plaintiffs unreasonably failed to

14  take advantage of preventative or corrective opportunities provided by Defendant or

15  otherwise avoid harm.

16

**EIGHTH DEFENSE**

17  Defendant is not liable to plaintiffs for the acts or omissions of any supervisory or

18  managerial employee to the extent that they were beyond the scope of employment.

19

**NINTH DEFENSE**

20  Plaintiffs have failed to mitigate their damages and any damages awarded to

21  Plaintiffs should be reduced according to the extent of such failure to mitigate.

22

**TENTH DEFENSE**

23  To the extent that Defendant made any employment decisions based upon a

24  legally-protected characteristic, it did so only where such characteristic was a bona fide

25  occupational qualification reasonably necessary to the operation of Defendant's

26  business.

27  ///

28  ///

FPDOCS 33795924.1

1

## **ELEVENTH DEFENSE**

2    To the extent any of defendant's employees engaged in illegal discrimination

3  (which is denied), defendant would have made the same employment decisions in the

4  absence of the alleged discriminatory motive.

5

## **TWELFTH DEFENSE**

6    Any relief to which Berry may be entitled to recover under Title VII is barred

7  and/or limited by the after-acquired evidence doctrine.

8

## **RESERVATION OF RIGHTS**

9    Defendant hereby reserves the right to assert additional defenses during the

10  course of discovery in this action or as otherwise appropriate and reserves the right to

11  amend its answer to assert any such defenses.

12    WHEREFORE, defendant prays for judgment as follows:

13    A.    That Plaintiffs take nothing by virtue of their complaint and that this

14  action be dismissed with prejudice;

15    B.    That judgment be entered in favor of Defendant and against Plaintiffs;

16    C.    That Defendant be awarded its reasonable attorneys' fees and costs; and

17    D.    For such other and further relief as the Court deems just and proper.

18    FISHER & PHILLIPS LLP

19

20

21    SCOTT M. MAHONEY
      FISHER & PHILLIPS LLP
      300 S. Fourth Street
22    Suite 1500
      Las Vegas, NV 89101

23

24    ESTHER G. LANDER
      AKIN GUMP STRAUSS HAUER & FELD LLP
      1333 New Hampshire Avenue, N.W.
25    Washington, D.C. 20036-1564
      Attorneys for Defendant
26    Desert Palace, Inc., d/b/a Caesars Palace

27

28

FPDOCS 33795924.1

1

## <u>CERTIFICATE OF ELECTRONIC SERVICE</u>

2         This is to certify that on the 23rd day of February 2018, the undersigned, an

3   employee of Fisher & Phillips LLP, electronically filed the foregoing First Amended

4   Answer with the U.S. District Court, and a copy was electronically transmitted from the

5   court to the e-mail address on file for:

6                                Kathleen J. England

7

8                       By:__/s/__Stacey Grata_____

9                         An employee of Fisher & Phillips LLP

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28