# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIAM J. BERRY, JR., CYNTHIA FALLS, SHANE KAUFMANN, <br><br> Plaintiffs, <br><br> v. <br><br> DESERT PLACE, INC. d/b/a CAESARS PALACE, et al., <br><br> Defendants. | Case No. 2:17-cv-00019-GMN-BNW <br><br> **ORDER** |

Presently before the court is plaintiffs' Motion for Leave to File Under Seal Appendix 3 of Exhibits in Support of Opposition to Motion for Summary Judgment (ECF No. 105), filed on February 15, 2019. Plaintiffs request that various exhibits in support of their opposition to defendant, Desert Palace, Inc.'s, motion for summary judgment (ECF. No. 99) be filed under seal. Defendants did not oppose plaintiffs' motion.

Generally, the public has a right to access judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). As a result, there is a strong presumption in favor of public accessibility, and a party seeking to seal a judicial record "bears the burden of overcoming this strong presumption." *Id.*

When a party seeks to seal documents related to a dispositive motion, as is the case here, the party "must articulate compelling reasons supported by specific factual findings" that outweigh the public policies favoring disclosure. *Id.* at 1178-79 (alteration and internal quotation marks and citations omitted). On the one hand, sufficiently compelling reasons generally exist when court files "might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quotation omitted). On the other hand, the fact that documents were subject

to a protective order during discovery does not, by itself, present a compelling reason for sealing the documents. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003) (presumption of access is not rebutted when documents subject to a protective order are filed under seal as attachments to a dispositive motion; "compelling reasons" standard continues to apply).

Here, plaintiffs are asking to seal several exhibits related to a case-dispositive motion. Plaintiffs make two arguments regarding why these exhibits should be sealed: (1) "the majority of them have been marked as 'Confidential' in discovery" and (2) "they contain private, confidential, or propriety information about Caesars' customers, employees, and/or financial information (or relate to deposition testimony about the same), and thus they constitute 'confidential information.'" (ECF No. 105 at 2.) Plaintiffs' first argument fails because, as noted above, the mere fact that documents were subject to a protective order in discovery does not satisfy the "compelling reasons" standard for sealing documents. *See Foltz*, 331 F.3d at 1136. Plaintiffs' second argument also fails because it is conclusory; plaintiffs do not present "compelling reasons supported by specific factual findings" as to why each of the requested documents should be sealed. *Id*. Accordingly, the court denies plaintiffs' motion to seal without prejudice.

IT IS THEREFORE ORDERED plaintiffs' Motion for Leave to File Under Seal Appendix 3 of Exhibits in Support of Opposition to Motion for Summary Judgment (ECF No. 105) is DENIED without prejudice. If plaintiffs renew their motion, it must be filed by June 21, 2019 or plaintiffs' exhibits will be unsealed.

DATED: June 17, 2019

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE