UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CYNTHIA FALLS, et al., | Case No.: 2:17-cv-00019-APG-BNW |
| Plaintiffs | **Order Denying Motion for Reconsideration** |
| v. | [ECF No. 150] |
| DESERT PALACE, INC., | |
| Defendant | |

Plaintiffs Cynthia Falls, William Berry, Jr., and Shane Kaufmann filed a complaint against Desert Palace, Inc.[1] alleging claims for retaliation, hostile work environment, and disparate treatment discrimination. I previously granted Desert Palace's motion for summary judgment in part, dismissing the plaintiffs' disparate treatment discrimination claims, Berry's hostile work environment claim, Berry and Kaufmann's retaliation claims, and a portion of Falls' retaliation claim. The plaintiffs now move for reconsideration, arguing that I made factual and legal errors and failed to consider the record in its entirety. They also argue that I failed to acknowledge Caesars' management and Far East Marketing's role in enabling and directing the discriminatory and retaliatory conduct. Desert Palace opposes the motion. For the following reasons, I deny the plaintiffs' motion for reconsideration.

**I. ANALYSIS**

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient" so long as it has jurisdiction.

---

[1] Desert Palace states in its opposition that it was improperly named Desert Palace, Inc. instead of Desert Palace, LLC. ECF No. 153. If it seeks a correction, it should file a motion or stipulation to amend the caption.

*City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quotation and emphasis omitted); s*ee also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) (citing Fed. R. Civ. P. 54(b)). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also* LR 59-1(a). A district court also may reconsider its decision if "other, highly unusual, circumstances" warrant it. *Sch. Dist. No. 1J, Multnomah Cty., Or.*, 5 F.3d at 1263.

       *1. Berry's Hostile Work Environment Claim*

Berry argues that his hostile work environment claim was not based on a single incident, but rather took place over several days, so I misapplied the facts to his claim. ECF No. 150 at 7-10. He also contends that I failed to use the reasonable victim standard in assessing whether the conduct was objectively offensive. *Id.* at 3. Desert Palace responds that Berry did not previously dispute that his claim was based on a single incident of alleged discrimination. ECF No. 153 at 4. It contends that Berry cannot raise a new argument on a motion for reconsideration that could have been raised prior to the entry of summary judgment. *Id.* at 5.

I previously applied the reasonable victim standard in assessing whether the conduct was objectively offensive and found that, while excluding Berry from a room in the workplace based on his race is undoubtedly offensive, the incident was not so severe that it altered the terms and conditions of Berry's employment. ECF No. 147 at 5-7. Berry did not dispute that his claim was based on this one act, though he included in his fact section that he had noticed previously that two Black employees were relocated out of Room B. *See* ECF No. 102 at 4 n.2.

Even if I consider Berry's new argument that the conduct lasted several days, he still does not provide evidence that the conduct was so severe or pervasive as to unreasonably interfere with his work performance or alter the conditions of his employment. *Compare Vasquez v. Cnty. of L.A.*, 349 F.3d 634, 642-43 (9th Cir. 2003), *as amended* (Jan. 2, 2004) (no hostile work environment where employee was yelled at in front of others, told that he had "a typical Hispanic macho attitude," and that he should work in the field because "Hispanics do good in the field"), *with Reynaga v. Roseburg Forest Prod.*, 847 F.3d 678, 687-88 (9th Cir. 2017) (finding hostile work environment where coworker made numerous and consistent racially derogatory comments, used racial slurs, belittled plaintiff in front of others, and intimidated plaintiff by revving his engine at him in the parking lot after the employer attempted to separate coworker and plaintiff from working together).  Accordingly, I deny the motion as to Berry's hostile work environment claim.

    *2. Berry's Retaliation Claim*

Berry argues that I failed to consider the entire record when I granted Desert Palace summary judgment on his retaliation claim. ECF No. 150 at 21.  For example, he argues that the "gap in time" between the Nevada Equal Rights Commission's (NERC) determination of discrimination and Berry's termination was only five months, that his complaint was widespread knowledge among the employees, and that Caesars has a pattern and practice of writing up and critiquing employees who file complaints. *Id.* at 16-18.  Berry also argues that I erred in concluding that Ronald Saenz did not know of Berry's prior complaint before removing him from Palace Court and contends that Saenz's justification for the reassignment was pretext. *Id.* at 18-20.  And he argues that I failed to consider other factors, such as Berry no longer being on

track for promotions and supervisors no longer cutting him slack for time infractions, as evidence of pre-termination retaliation. *Id.* at 20-21.

Desert Palace responds that I did not rely on the temporal proximity of Berry's protected activity and his termination in reaching my decision, and even if I did the NERC's determination is not a protected activity. ECF No. 153 at 9. It argues that Berry cannot raise new arguments that could have been raised at summary judgment, such as the assertion that everyone knew of Berry's complaint and that Saenz knew that Berry engaged in protected activity. *Id.* at 10-12. And it contends that even if I consider Berry's new arguments, he still fails to create a genuine dispute that any Caesars employee engaged in pre-termination retaliation. *Id.* at 12-15.

I previously granted summary judgment on Berry's retaliation claim because he presented no evidence that raised a genuine dispute as to whether the employees who terminated him knew of his protected activity at the time they acted. ECF No. 147 at 12. Berry still fails to demonstrate that any employee involved in his termination knew of his protected activity. Berry's reference to his coworker Maureen DesChamps' affidavit, where she stated generally that "everyone knew William Berry filed a complaint," without more, does not raise an issue of fact for trial.

Further, Berry failed to respond to Desert Palace's arguments concerning pre-termination retaliation. I nevertheless considered whether Saenz (or any individual) knew of his complaint and what actions were taken against Berry and determined that Berry failed to demonstrate that he was retaliated against before he was terminated. ECF No. 147 at 12 n.6. Here, Berry rehashes many of the facts I already considered in granting summary judgment. And he argues for the first time that the evidence shows how and when Saenz may have learned of the complaint. But Berry could have (and should have, given that Desert Palace specifically argued that Saenz had

4

no personal knowledge of the complaint) raised this in his opposition to the motion for summary judgment, and it would be improper to allow him a second opportunity to present his case. *See Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (noting that a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation"). I thus deny Berry's motion as to his retaliation claim.

       3.  *Kaufmann's Retaliation Claim*

Kaufmann argues that I should have acknowledged "lateral transfers" as an adverse action under the test for retaliation. ECF No. 150 at 21-22. He also argues that I failed to consider the totality of the circumstances, such as the fact that he frequently complained to management between 2012 and 2014, in determining whether there was a connection between his June 2013 removal from Palace Court and his October 2010 EEOC discrimination charge. *Id.* at 23.

Desert Palace responds that Kaufmann repeats arguments already made in his opposition to summary judgment. ECF No. 153 at 16. It contends that Kaufmann cannot argue for the first time that his reassignment was based on internal complaints instead of the EEOC charge, but even considering the internal complaints, Kaufman fails to show retaliation. *Id.* at 16-17. And it argues that Kaufmann's continued exclusion from Palace Court is a new and improper theory of retaliation that nonetheless fails because Kaufmann cannot demonstrate that he would have been moved back to Palace Court sooner but for his EEOC charge. *Id.* at 17-18.

My decision in granting summary judgment to Desert Palace on this claim was based on the length of time between the protected activity and adverse actions, and the fact that Kaufmann failed to provide the dates of his ongoing involvement in the EEOC investigation or when the

person who made the allegedly retaliatory decisions learned of any protected activity. That remains true. Accordingly, I decline to reconsider Kaufmann's retaliation claim because he has not presented any newly discovered evidence or shown clear error.

### 4. *Caesars' Management and Far East Marketing's Roles*

What remains is the plaintiffs' argument that I did not consider Caesars' management and Far East Marketing's role as primary discriminatory and retaliatory actors. ECF No. 150 at 23-24. Desert Palace responds that the plaintiffs fail to show how this evidence is relevant or why this argument merits reconsideration. ECF No. 153 at 18.

The plaintiffs do not explain how these actors' roles would substantially change any of my previous determinations, nor do they identify which claims should be reconsidered. They also fail to identify individual actors and only state generally that management enabled the alleged unlawful conduct. But these arguments do not raise a genuine dispute as to any claim. I therefore deny the plaintiffs' motion for reconsideration.

## II. CONCLUSION

I THEREFORE ORDER that the plaintiffs' motion for reconsideration **(ECF No. 150) is DENIED.**

DATED this 3rd day of September, 2020

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE